**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                                          **CASE NO: 6:10-cr-212-ACC-KRS**

**MARK S. AMAR**

---

**ORDER**

This cause comes before the Court on reconsideration of Defendant Mark S. Amar's *pro se* Motion to Have Criminal Record Expunged (Doc. 143). On July 13, 2021, the Government filed a response arguing that the Motion should be denied because there is no statutory or constitutional right to seal and expunge Defendant's conviction. On July 21, 2021, Defendant –without leave of Court—filed a brief unauthorized Reply.[1] (Doc. 149).

**BACKGROUND**

On August 4, 2010, Mark S. Amar, the defendant, was indicted for two counts of making false statements on a passport application, in violation of 18 U.S.C. § 1542 (Doc 1). On June 22, 2011 a jury rendered a verdict of guilt as to both counts. (Doc. 77). On September 28, 2011, the Court entered a Judgment In A Criminal Case in which Amar was adjudicated guilty of the crimes and sentenced to probation for a term of two years as to each of the counts, with the sentences to run concurrently

---

[1] The Court did not consider the unauthorized one-page Reply, in which Amar cites to inapplicable Florida statutes and restates that he is 70 years old with health issues and his motivation is to honor his wife's wishes. (Doc. 149).

(Doc. 98). Amar appealed his conviction, which was affirmed on appeal by the Eleventh Circuit Court of Appeals on August 12, 2012. (Doc. 124).

In the appellate opinion, the Eleventh Circuit noted that Amar had filled out the 1986 passport application in the name of "Mark Sachs," the 2008 application in the name of "Mark Spaulding," and the 2009 application in the name of "Mark Amar." (Doc. 124 at 3). Evidence demonstrated that Amar had applied for the 2008 passport as Mark Spaulding with identical fingerprints, social security number, physical description, and birthdate to his own; Amar had also successfully petitioned a Florida court to change his name from Mark Spaulding to Mark Amar in 2009. (*Id*. at 3-4). The evidence also established that it was Amar who also applied for a passport in the name of Mark Sachs more than twenty years earlier, and there was evidence presented to the jury of the photographs and signatures submitted with each passport application. (*Id*.). There was evidence that the California notification of birth registration for Mark Spaulding was a falsified document which he submitted willfully and knowingly. (*Id*. at 5). Amar also opted not to reveal that his given name had been Mark Sachs; provided a fictitious place of birth and fictitious names of parents associated with March Spaulding; and attached documentation purporting to show that he had legally changed his name from Mark Spaulding to Mark Amar, even though there was no evidence he ever legally changed his name to Mark Spaulding. (*Id.* at 6-7). Therefore, the Eleventh Circuit found the evidence "amply

supported the jury's finding that Amar's 2009 passport application falsely stated that he was Mark Spaulding. (*Id.*).

Amar's probation was terminated on September 15, 2013. (Doc. 128). On October 21, 2013, Amar petitioned this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. In that case, the Court denied his § 2255 motion on the merits and dismissed the case with prejudice. *See* Case No. 6:13-cv-1631-Orl-22KRS, Doc. 26. Amar filed a second motion to vacate his sentence on June 10, 2016 pursuant to 28 U.S.C. § 2255 which was dismissed without prejudice on June 17, 2016 because he had not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion as required under the statute. *See* Doc. 136; Case No. 6:16-cv-1022-Orl-22KRS, Doc. 4.

Almost a decade after he was sentenced, on June 15, 2021, Amar has filed a *pro se* motion to have his criminal record expunged. (Doc. 143). On June 21, 2021, the Court entered an order denying Amar's Motion to Expunge which, as originally scanned into the court docket on June 15, consisted of a single page. (Doc. 144). On June 25, 2021, the Clerk of Court reviewed the scanned version of the Motion to Expunge and discovered additional pages had been submitted by Amar which had not been scanned into the electronic record. Thereafter, the Clerk added the five additional (previously unscanned) pages as an attachment to the Motion on June 25, 2021. (Doc. 143-1). The Court granted Defendant's Motion for Reconsideration

(Doc. 145) on June 30, 2021 and reactivated Amar's Motion for "Order to Vacate Case 6:10-cr-212-ACC-KRS." (Doc. 146).

## ARGUMENTS

Amar's Motion to expunge his criminal record consists of a single page with five pages of attachments. The body of the Motion states verbatim:

> Please be informed state attorneys said federal judge will need to sign. Can you please forward document to Department of Law Enforcement, see FBI Document [sic] and forward to FBI, Scott Arago, Section Chief.

(Doc. 143). Amar attached unauthenticated copies of several documents (originally omitted from the scanned version) which show his motivation and his efforts to have his records expunged. A letter to the "State Government" requests:

> Please be informed I [am] Mark S. Amar. My health is failing 70 years old [birthdate (redacted)]. I am honoring my wife who passed away 4-22-20 to have my record clean[ed] up – her wishes. Greatly appreciate documents to vacate cases No. 16-16041 and No.6:06-cv-00720-GS-KRS and adjudication No. Cr-00-6994, No. Cr-01-5264 to be vacated. Thank you, Mark S. Amar, June 15, 2021

(Doc. 143-1 at 1). Also attached is a letter from the Federal Bureau of Investigation Criminal Justice Information Services ("CJIS") Division's Biometric Services Section responding to two December 2020 letters from Amar "requesting a clean record." (*Id.* at 2). The FBI's letter states:

> As we previously advised, the FBI's CJIS Division has no authority to remove your federal arrest data unless directed to do so by the original submitting agency or a federal court with jurisdiction. Pursuant to 64 Federal Register 52343, original fingerprints submitted in connection with federal arrests become part of official U.S. Government records and may not be deleted except upon issuance of an order to that effect

> submitted to the FBI and received directly from a federal court specifically stating expungement. You may be assured that the FBI's CJIS Division will comply with requests process[ed] through and submitted to the FBI by the proper authorities.
>
> Additionally, Florida is one of twenty states that maintain their own records systems that are accessed by the FBI for authorized purposes. This Division has neither the authority to mandate changes to their records nor the physical capability to do so. Therefore, requests for the removal of nonfederal Florida arrest data must be directed to the Florida Department of Law Enforcement (FDLE), Post Office Box 1489, Tallahassee, Florida 32302-1489, telephone 850-410-7100. The FBI's CJIS Division can take no action whatsoever in the matter.

(*Id*.). Amar attached a "Certificate of Restoration of Civil Rights" from the State of Florida, Office of Executive Clemency, which was granted to him on June 6, 1997:

> [R]estoration of civil rights except the specific authority to possess or own a firearm for any and all felony convictions in the state of Florida and/or restoration of civil rights in the State of Florida for any and all felony convictions in any state other than Florida, or in any United States court or military court for which this person has been duly discharged from imprisonment and/or parole, adult community control or probation, and for which this person has not been heretofore granted clemency.

(*Id*. at 3). He also provides a copy of a certificate from the Middle District of Florida Probation Office showing he was released from supervision on September 15, 2013. (*Id*. at 4). The final document he includes is a photocopy of several different licenses for investigator, security officer, and to carry a concealed weapon or firearm. (*Id*. at 5).

The Government opposes Amar's Motion, arguing that there is no statutory or constitutional right to seal and expunge his conviction. Defendant's conviction for which he now seeks an expungement, the Government argues, was affirmed on

appeal by the Eleventh Circuit on August 12, 2012, thus, the defendant's conviction has already been reviewed on the merits and has not been "vacated." (Doc. 124). The Government contends that there is no general federal expungement statute, and federal courts have no inherent authority to expunge the record of a valid federal conviction. (Doc. 148 (citing cases)).

The Government concedes that, although some courts have recognized federal courts have inherent ancillary authority to expunge criminal records where an arrest or conviction is found to be invalid or a clerical error is made, no such facts are present in Amar's case. The Government further argues that the Court lacks the authority to expunge Defendant's criminal records based solely on equitable considerations, and he has not provided any legal basis to expunge his criminal conviction for making false statements on a passport application. The Government also argues that restoration of one's civil rights does not in and of itself expunge a person's conviction.

The Government argues that Amar has a "pattern and history of fraudulent conduct," pointing out, based on Amar's Presentence Investigation Report ¶¶ 31-34, that he "is a multi-time felon, including having twice previously falsely impersonated a police officer" (Doc. 148 at 3). and the crimes for which he now seeks an expungement are for making false statements on a passport application.

## ANALYSIS

As the Court noted previously, Amar has not provided any legal basis for vacating his 2011 criminal conviction for making false statements on a passport application. (Doc. 77). Amar's conviction has been reviewed on the merits multiple times by this Court and by the Eleventh Circuit and has not been "vacated." His conviction was affirmed on appeal by the Eleventh Circuit in August 2012, and his petitions to vacate his sentence pursuant to 28 U.S.C. § 2255 have been denied or dismissed on two occasions in 2013 and 2016. *See* Case No. 6:13-cv-1631-Orl-22KRS, Doc. 26; Case No. 6:16-cv-1022-Orl-22KRS, Doc. 4.

"In the absence of statutory authority" or Eleventh Circuit precedent, the Court does not have the authority to expunge Defendant's criminal records based solely on equitable considerations. *United States v. Tyler*, 670 F. Supp. 2d 1346, 1349 (M.D. Fla. 2009); *United States v. Garcia*, No. 5:92-cr-0042-SLB, 2017 WL 2378136, *34- (N.D. Ala. June 1, 2017) (holding the district court lacks jurisdiction to expunge the record of a criminal conviction solely on equitable grounds). Moreover, although Amar has submitted an unauthenticated "Certificate of Restoration of Civil Rights" from the State of Florida dated June 6, 1997, it is in the name of "Mark *Spaulding* Now Known As Mark S. Amar." Mark Spaulding is precisely the name that the jury found, and the Eleventh Circuit affirmed, Amar had willfully and knowingly misused in the passport applications based on a fabricated birth certificate.

Based on the foregoing, it is ordered as follows:

1. Motion to Have Criminal Record Expunged (Doc. 143), on reconsideration, is **DENIED**.

 **DONE** and **ORDERED** in Chambers, Orlando, Florida on July 23, 2021.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Magistrate Judge
United States Marshals Service
United States Probation Office
United States Pretrial Services